UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELLY MICIAK, individually and on behalf of all others similarly situated, | Case No.: 4:18-cv-398 <br> FLSA Collective Action |
| v. | |
| ARIES WORLDWIDE LOGISTICS, LLC, *et al.* | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS ACTION WITH PREJUDICE

Kelly Miciak and Cynthia Calderon (collectively, "Plaintiffs"), and Aries Worldwide Logistics, LLC, and Aries Freight Systems, LP (collectively, "Aries") jointly request that the Court enter an order (1) approving the Settlement Agreement, which has been agreed to by the Parties in order to resolve a *bona fide* dispute regarding Plaintiffs' entitlement to unpaid overtime under the Fair Labor Standards Act ("FLSA") and (2) dismissing this case with prejudice. This case involves allegations that Plaintiffs were misclassified and worked overtime hours without being paid overtime pay. The Parties have had the opportunity to engage in written discovery and exchange information underlying their claims and defenses. The Settlement Agreement was reached after negotiations between counsel and the Parties believe that, upon review, the Court will find that it represents a fair and reasonable resolution of the underlying dispute.

### A. ARGUMENT

The Court should approve the Settlement Agreement and dismiss the action with prejudice because the settlement is the product of contested litigation, Plaintiff is represented by competent and experienced counsel, the Settlement Agreement reflects a reasonable compromise over disputed issues, and the Settlement Agreement's provisions are fair and reasonable.

As this Court is aware, FLSA settlements require court approval. *See Tran v. Thai*, No. 08-3650, 2009 WL 3060400, at *1 (S.D. Tex. Sept. 24, 2009), *citing Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 350, 353 (11th Cir. 1982). In approving FLSA settlements, courts in the Fifth Circuit typically consider two primary factors: (1) the existence of a *bona fide* dispute; and (2) whether or not the settlement is fair and reasonable. *See Sims v. Housing Authority City of El Paso*, No. 10-CV-109, 2012 WL 10862119, *3 (S.D. Tex. Feb. 29, 2012).

There is a strong presumption in favor of finding a settlement fair. *Id.* In addition, the fact that a settlement is the negotiated result of an adversarial proceeding is an indication of its fairness. *Sims*, 2012 WL 10862119, *3. In determining whether a settlement is fair and reasonable, Courts consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members. *Id.*; *see also Newby v. Enron Corp.*, 394 F.3d 296, 300 (5th Cir. 2004); *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

## B. BONA FIDE DISPUTES

Aries claims it properly classified the Plaintiffs as salaried, exempt administrative employees under the FLSA. If Aries were to prevail on its exemption defense, Plaintiffs would not recover anything. Further, Aries claims it made good faith efforts in compensating Plaintiffs, so even if Aries did not prevail on its exemption defense, it may still be able to reduce or eliminate Plaintiffs' claim for liquidated damages. *See* 29 U.S.C. § 260. Further, Aries maintains Plaintiffs would not be able to prove a willful violation of the FLSA, which would limit the statute of limitations to the FLSA's default 2-year period, instead of 3 years. *See* 29 U.S.C. § 255. Aries also contests the number of hours Plaintiffs worked. If Aries were to prevail on any one of these aspects of its defense, Plaintiffs would either recover nothing or much less than the amount they will receive under the Settlement Agreement.

As a result, there is a *bona fide* dispute as to Plaintiffs' ability to recover any alleged unpaid wages, let alone liquidated damages, attorneys' fees, or costs. The Settlement Agreement represents a fair and reasonable compromise of these bona fide disputes.

## C. FAIRNESS AND REASONABLENESS

The Settlement Agreement is fair and reasonable in light of the factors discussed below.

### 1. The Absence of Fraud or Collusion in the Settlement

The Settlement Agreement reached here was the result of negotiations between the Parties' counsel. The Parties were represented by experienced wage and hour counsel, and the settlement was reached through arms-length negotiations. Under these circumstances, courts in this Circuit find a lack of fraud or collusion. *See Quintanilla v. A&R Demolition, Inc.*, 04-1965, 2008 WL 9410399, at *4 (S.D. Tex. May 7, 2008); *citing Batchelder v. Kerr-McGee Corp.*, 246 F. Supp. 2d 525, 527 (S.D. Miss. 2003); *In re First Databank Antitrust Litig.*, 205 F.R.D. 408, 412 (D.C.C. 2002).

### 2. The Complexity, Expense and Likely Duration of the Litigation

Further litigation would require discovery, motion practice, and potentially a trial regarding Plaintiffs' job duties and whether those duties qualified as exempt under the FLSA, the Defendants' efforts to comply with the FLSA, and whether Defendants knowingly, or recklessly disregarded, the FLSA. *Quintanilla*, 2008 WL 9410399, at *4. Recovery would be delayed, put at risk, or eliminated, and costs would increase.

### 3. Stage of the Proceedings and Amount of Discovery Conducted

The case is in the discovery phase, but has proceeded enough to allow the Parties and their counsel to review evidence, evaluate their respective claims and defenses, and engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case. In light of the discovery conducted and information exchanged, the parties were able to sufficiently assess the legal and factual merits of the claims and

defenses and engage in meaningful settlement discussions. *Quintanilla*, 2008 WL 9410399, at *4; *In re Cendant Corp. Litig.*, 264 F.3d. 201, 235-36 (3d Cir. 2001).

### 4. The Probability of Plaintiffs' Success on the Merits

There is still a bona fide dispute regarding whether the Plaintiffs were properly classified as exempt employees. Despite Plaintiffs' claims, Aries has strenuously maintained that the Plaintiffs are properly classified. Aries settles the case not because it believes it is liable for Plaintiffs' claims but in order to avoid incurring further attorneys' fees and costs.

The Settlement Agreement provides for a total payment of $17,000.00 for the Plaintiffs, which reflects three years of overtime payments, liquidated damages, and attorneys' fees. This total settlement amount recognizes the work done in this case and the likelihood that Plaintiffs may be able to establish a compensable claim under the FLSA, in which case they would be entitled to recover reasonable attorneys' fees. The Settlement Agreement also recognizes the respective costs the Parties would incur should this matter proceed through trial.

The Settlement Agreement is limited to claims arising under state and federal wage and hour laws. Plaintiff's counsel agrees that the overall settlement amount is reasonable in exchange for the release and has explained the Settlement Agreement to the Plaintiffs. The total settlement amount is more than reasonable.

### 5. The Range of Potential Recovery

**Plaintiffs' individual recoveries, net of attorney's fees and costs, amount to 191% of their claimed three-year unpaid overtime damages.** This is a great result for Plaintiffs in light of the risks they face and the costs of litigation. *Quintanilla*, 2008 WL 9410399, at *5.

6. **The Opinions of Counsel.**

It is the informed opinion of counsel for both Parties that the Settlement Agreement is fair and reasonable. This factor weighs heavily in favor of approval. *Id.*; *see also FTC v. Mylan Labs, Inc.*, 205 F.R.D. 369, 275-76 (D.C.C. 2002).

D. ATTORNEY'S FEES AND COSTS

The Settlement Agreement provides for attorneys' fees of $6,800 and costs of $698.25. Plaintiffs have a 40% contingency fee with their lawyers. In FLSA cases such as this, the "customary contingency" is within the range of 35 to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *In re Bayou Sorrell Class Action*, 2006 WL 3230771, *5 (W.D. La. Oct. 31, 2006) (customary contingency fees for class funds have ranged from 33.33% to 50%). The amount of attorney's fees here is less than Plaintiffs' lawyers' lodestar.

E. CONCLUSION

Based on the foregoing, the Parties respectfully request the Court approve the Settlement Agreement and dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

BRUCKNER BURCH PLLC

By: /s/ David Moulton
_____
David I. Moulton
Texas Bar No. 24051093
S.D. of Texas No. 608063
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
dmoulton@brucknerburch.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

_/s/ Anthony G. Stergio_
_____
ANTHONY G. STERGIO
Federal Bar No. 17302
State Bar No. 19169450
ANDREWS MYERS, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056-4110
Telephone: (713) 850-4200
Facsimile: (713) 850-4211
astergio@andrewsmyers.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**